IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CAROLYN SCHUR, Special Administrator** ) | |
| **of the Estate of Pamela Hoppe, Deceased,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Cause No. 05-CV-353-WDS** |
| ) | |
| **L.A. WEIGHT LOSS CENTERS, INC.,** ) | |
| **LANG NATURALS, INC., and** ) | |
| **RASI LABORATORIES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are several motions filed by defendants Rasi Laboratories, Inc. (Rasi) and Lang Naturals, Inc. (Lang), as follows:  Rasi's motion to dismiss or for a more definite statement pursuant to Fed. R. Civ. P. 12(b)(6) and 12(e) respectively (Doc. 37), to which plaintiff has responded (Doc. 45); Lang's Rule 12(b)(6) motion to dismiss counts 15 and 16 of plaintiff's amended complaint (Doc. 40), to which plaintiff has responded (Doc. 47), and defendant has replied (Doc. 51);  and  Rasi's first motion to dismiss the cross-claim filed against it by Lang (Doc. 43), to which Lang has responded (Doc. 50, improperly filed as a reply). Jurisdiction in this Court is proper under 28 U.S.C. § 1332.

## BACKGROUND

Plaintiff brings this wrongful death action as special administrator of the estate of her sister Pamela Hoppe, deceased.  The amended complaint alleges that Hoppe became a customer of defendant L.A. Weight Loss Centers, Inc. (LA. Weight Loss) on April 27, 2004.  To supplement the weight loss regime recommended by L.A. Weight Loss, the company sold Hoppe

non-Food and Drug Administration (FDA) approved "diet supplements," including Essential Fatty Acids, Tri-Max, Vita-Max, FB500, and chewable calcium. L.A. Weight Loss instructed Hoppe to take a certain amount of each supplement daily.

On August 5, 2004, Hoppe went to Gateway Regional Medical Center in Granite City, Illinois, complaining of worsening nausea, abdominal fullness, and jaundice. Upon transfer to Saint Louis University Hospital, Hoppe was admitted and diagnosed with acute hepatic injury. After performing tests that ruled out Hepatitis A, B, and C and Acetaminophen toxicity, doctors diagnosed Hoppe with acute liver injury secondary to herbal/diet weight loss supplements. A liver biopsy performed on August 13, 2004, indicated that Hoppe had an AIH/drug induced acute liver injury. On August 17 or 18, 2004, Hoppe went into fulminant hepatic failure. She was transferred to the intensive care unit on August 19, 2004. On August 20, 2004, Hoppe was placed on the liver transplant list. She died nine days later on August 29, 2004, survived by her adult son, William Hoppe, and a minor daughter, Christian Hoppe.

This suit was originally filed in the Circuit Court for Third Judicial Circuit, Madison County, Illinois. L.A. Weight Loss removed the action to this case to this Court pursuant to 28 U.S.C. § 1441. L.A. Weight Loss filed a third party action against Lang and Rasi (Doc.21), alleging that they manufactured and supplied the diet supplements purportedly provided by L.A. Weight Loss to Hoppe. Based on those pleadings, plaintiff amended her complaint to include Lang and Rasi as defendants (Doc. 25). Rasi then filed the pending Rule 12(b)(6) motion to dismiss, or, alternatively, for a more definite statement pursuant to Rule 12(e). Defendant Lang also filed a Rule 12(b)(6) motion to dismiss Counts 15 and 16 of plaintiff's amended complaint. Rasi then filed a Rule 12(b)(6) motion to dismiss Lang's cross-claim in which Rasi simply

incorporated its arguments set forth in its motion to dismiss at Doc. 37. The Court will consider each motion in turn.

## ANALYSIS

### A.  Standard of Review

In order to dismiss a complaint under Fed. R. Civ. P. 12(b)(6), the Court must take all well pleaded allegations as true and construe the complaint in the light most favorable to the plaintiff. *See Conley v. Gibson*, 355 U.S. 41, 45-46(1957); *Hernandez v. City of Goshen, Indiana*, 324 F.3d 535, 537 (7th Cir.2003). Dismissal is only appropriate where the Court determines that under the allegations set forth in the complaint, no set of facts can be proven. *See Conley*, 355 U.S. at 45-46; *Weizeorick v. ABN Amro Mortg. Group, Inc.*, 337 F.3d 827, 830 (7th Cir.2003); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (construing the simplified notice pleading standard delineated in Fed. R. Civ. P. 8).

### 1.  Motion to Dismiss Counts 17-24 of the Amended Complaint.

Rasi's first motion seeks dismissal of Counts 17-24 of plaintiff's amended complaint arguing that the complaint is insufficient as a matter of law because it alleges that plaintiff's decedent died as a result of taking certain diet supplements and that Rasi should be responsible for placing these supplements into the stream of commerce. Rasi asserts that, in fact, it only distributes Tri-Max, one of the five listed diet supplements in the amended complaint, and it cannot be liable for products it did not make or sell.

Assuming, *arguendo,* that Rasi only distributes the one supplement, plaintiff's amended complaint nonetheless alleges a set of facts that could entitle her to relief if, in fact that supplement, Tri-Max, had any causal link to her death. Although Rasi cannot be liable for

3

products it did not place in the stream of commerce, or move forward in that stream, it can be liable for its actions with respect to its own product, as alleged in these counts. Accordingly, Rasi's motion to dismiss Counts 17-24 of plaintiff's amended complaint is **DENIED.**

In the alternative, Rasi seeks to have paragraph 28(a) of count 17 of plaintiff's amended complaint stricken as inconsistent with paragraph 5 of the same count. Plaintiff's response states that she does not disagree with Rasi's contention. (Pl's Resp. to Def.'s Mot. to Dismiss at n.1). Although it is not readily apparent to the Court that these two paragraphs are fatally inconsistent, in light of the fact that plaintiff expressly states she is not opposed to Rasi's motion as to paragraph 28(a), the motion to strike is **GRANTED** and paragraph 28(a) is hereby **STRICKEN** from plaintiff's amended complaint.

2. **Motion to Dismiss Cross-Claim**

In its motion to dismiss Lang's cross-claim, Rasi adopts and incorporates the same arguments and grounds raised in its motion to dismiss plaintiff's amended complaint. Lang's cross-claim seeks a judgment of apportionment pursuant to 735 ILCS 5/2-1117, contribution for payments over and above that equal to Lang's percentage of fault, and an allocation of fault among the parties. The Court **FINDS** that in light of its ruling above that plaintiff's claims against Rasi remain viable, the motion to dismiss the cross-claim is **DENIED**. The Court notes that Rasi has offered no legal argument with respect to the allegations and legal assertions in the cross-claim.

3. **Alternate Motion for a More Definite Statement**

Alternatively, Rasi moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e), with respect to both plaintiff's amended complaint and Lang's cross-claim. The Court finds,

however, that the amended complaint and Lang's cross-claim sufficiently place Rasi on notice of the claims against it and that neither the amended complaint nor the cross claim are so vague or ambiguous that Rasi cannot reasonably be required to frame a responsive pleading. *See* Fed. R. Civ. P. 12(e); *Swierkiewicz*, 534 U.S. at 514 ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."). Therefore, the Court **DENIES** Rasi's motion for a more definite statement.

**B.    Defendant Lang's Motion to Dismiss**

Lang seeks dismissal of Counts 15 and 16 of plaintiff's amended complaint sounding against it in *res ipsa loquitor*. In its motion, Lang argues that under Illinois law *res ipsa loquitor* is not a separate legal theory, but rather a type of circumstantial evidence. Lang further argues that it did not have exclusive control of the diet supplements, thus *res ipsa loquitor* cannot apply. The Court initially notes that control is an issue of fact, which is not appropriate for a motion to dismiss.

The res ipsa loquitur doctrine is "a species of circumstantial evidence permitting the trier of fact to draw an inference of negligence if the plaintiff demonstrates that she was injured (1) in an occurrence that ordinarily does not happen in the absence of negligence, and (2) by an agency or instrumentality within the defendant's exclusive control." *Adams v. Family Planning Assoc. Med. Group, Inc.,* 733 N.E.2d 766, 775 (Ill. App. Ct. 2000); *see also, Gatlin v. Ruder,* 560 N.E.2d 586 (Ill. 1990). It is clear in Illinois law that *res ipsa loquitor* "permits the trier of fact to infer negligence when the precise cause of the injury is not known to the plaintiff." *Briones v. Mobil Oil Corp.,* 501 N.E.2d 821, 824 (Ill. App. Ct. 1986).

Here, the amended complaint alleges a negligence claim against Lang in Count 15 similar to that enumerated in Count 10, except that rather than listing possible causes of Hoppe's injuries it alleges that "the 'diet supplements' do not cause acute liver failure but for negligence in the design and/or manufacture or formulation of the 'diet supplements' at which time said 'diet supplements' were under Defendant's control and/or management." Thus, Count 15 alleges *res ipsa loquitor* as a separate legal theory, which does not exist in Illinois law. Therefore the Court **GRANTS** Lang's motion to dismiss, and Count 15 is **DISMISSED**.

Count 16 of plaintiff's complaint brings a claim against Lang for personal injuries, including pain and suffering, medical bills, and lost wages pursuant to the Survival Act, 755 ILCS 5/27-6. Plaintiff also pleads this legal theory in Count 10, although rather than listing possible causes of Hoppe's injuries as she did in Count 10, plaintiff here repeats the language from Count 15 with respect to causation. Thus, like Count 15, Count 16 merely alleges *res ipsa loquitor* and Count 16 is, accordingly, **DISMISSED**.

## CONCLUSION

The Court, therefore **DENIES** Rasi's motion to dismiss Counts 17-24 of the amended complaint (Doc. 37) and **DENIES** Rasi's motion to dismiss the cross-claim (Doc. 43). Rasi's alternate motion to strike paragraph 28(a) of Count 17 of plaintiff's amended complaint (Doc. 37) is **GRANTED** and paragraph 28(a) of Count 17 is ordered **STRICKEN**. Rasi's alternate motions for more definite statements from the plaintiff and Land Naturals is **DENIED** (Doc. 37). Lang's motion to dismiss Counts 15 and 16 of plaintiff's amended complaint (Doc. 40) is **GRANTED**, and those counts are **DISMISSED** for failure to state a claim on which relief can be granted.

**IT IS SO ORDERED.**

**DATED: July 19, 2006.**

              **s/ WILLIAM D. STIEHL**
                **DISTRICT JUDGE**