IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAROLYN SCHUR, Special Administrator of the Estate of Pamela Hoppe, Deceased,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>L.A. WEIGHT LOSS CENTERS, INC., LANG NATURALS, INC., RASI LABORATORIES, INC., NutraMed, INC., SHANI POOLE and COUNTREY MOOR,  )<br><br>Defendants.  ) | Cause No. 05-CV-353-WDS |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are several pending motions.  Initially, the Court notes that defendant Rasi's motion to dismiss Counts 23 and 24 of the First Amended Complaint is moot.  Rather than filing a response, the plaintiff filed a Second Amended Complaint (Doc. 65) which rendered moot Rasi's motion to dismiss, and it is, therefore, **DENIED**.

Plaintiff has filed a motion to remand this action to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, pursuant to 28 U.S.C. § 1447(e) (Doc. 71), to which defendants have filed responses: L.A. Weight Loss Centers, Inc. ("L.A. Weight Loss")(Doc. 96-1), Lang Naturals, Inc. ("Lang") (Doc. 99), and Rasi Laboratories, Inc. ("Rasi") (Doc. 102).   In a related motion, plaintiff seeks to strike the affidavit of Shani Poole ("Poole") pursuant to Fed. R. Evid. 602 (Doc. 123-1), to which none of the defendants have filed a response.  Jurisdiction in this Court is proper under 28 U.S.C. §1332.

## BACKGROUND

Plaintiff brings this wrongful death action as special administrator of the estate of her sister Pamela Hoppe, deceased. The second amended complaint alleges that Hoppe became a

customer of defendant L.A. Weight Loss Centers, Inc. (LA. Weight Loss) on April 27, 2004. To supplement the weight loss regime recommended by L.A. Weight Loss, the company sold Hoppe non-Food and Drug Administration (FDA) approved "diet supplements," including Essential Fatty Acids, Tri-Max, Vita-Max, FB500, and chewable calcium. L.A. Weight Loss instructed Hoppe to take a certain amount of each supplement daily.

On August 5, 2004, Hoppe went to Gateway Regional Medical Center in Granite City, Illinois, complaining of worsening nausea, abdominal fullness, and jaundice. Upon transfer to Saint Louis University Hospital, Hoppe was admitted and diagnosed with acute hepatic injury. After performing tests that ruled out Hepatitis A, B, and C and Acetaminophen toxicity, doctors diagnosed Hoppe with acute liver injury secondary to herbal/diet weight loss supplements. A liver biopsy performed on August 13, 2004, indicated that Hoppe had an AIH/drug induced acute liver injury. On August 17 or 18, 2004, Hoppe went into fulminant hepatic failure. She was transferred to the intensive care unit on August 19, 2004. On August 20, 2004, Hoppe was placed on the liver transplant list. She died nine days later on August 29, 2004, survived by her adult son, William Hoppe, and a minor daughter, Christian Hoppe.

This suit was originally filed in the Circuit Court for Third Judicial Circuit, Madison County, Illinois. L.A. Weight Loss removed the action to this Court pursuant to 28 U.S.C. § 1441. L.A. Weight Loss filed a third party action against Lang and Rasi (Doc.21), alleging that they manufactured and supplied the diet supplements purportedly provided by L.A. Weight Loss to Hoppe.

In the Second Amended Complaint (Doc. 64), plaintiff attempted to join NutraMed, Inc. and two Illinois residents, Poole and Courtney Morr ("Morr"), to the action (Doc. 65).  Because adding two Illinois residents would destroy complete diversity, plaintiff has now filed a Motion to Remand the action to the Circuit Court for the Third Judicial Circuit, Madison County,

Illinois, pursuant to 28 U.S.C. § 1447(e) (Doc. 71). Moreover, the plaintiff has filed a Motion to Strike the Affidavit of Shani Poole, in which Poole claimed that she "followed—and did not deviate from—L.A. Weight Loss policies and procedure in dealing with [Hoppe]." (Doc. 123-1 at para. 2). The two motions are related, and the Court will consider each motion in turn.

## **ANALYSIS**

In considering a motion to remand, the amended complaint supersedes the original one, and the original complaint has "no function in the case." *Wellness Cmty – Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995). The Court is to determine federal jurisdiction *solely* based on the amended complaint. *Jass v. Prudential Healthcare Plan, Inc.*, 88 F.3d 1482, 1492 (7th Cir. 1996).

Plaintiff seeks to remand the action to the Circuit Court for the Third Judicial Circuit, Madison Country, Illinois, arguing that the joinder of additional defendants in the Second Amended Complaint destroyed complete diversity of the parties in the action. As a result, plaintiff argues that the Court is now devoid of subject matter jurisdiction over the complete action.

Under federal law, a plaintiff is normally free to choose her own forum; however, she "may not join an in-state defendant *solely for the purpose of defeating federal jurisdiction*." *Schwartz v. Comte*, 174 F.3d 875, 878 (7th Cir. 1999). Such joinder is considered fraudulent if "there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'" *Id*. (quoting *Poulos v. Naas Foods Inc.,* 959 F.2d 69, 73 (7th Cir. 1992)); *see also Poulos*, 959 F.2d at 73 ("When speaking of jurisdiction, 'fraudulent' is a term of art.") In such a scenario, the Court should deny joinder, as residency of an improperly joined defendant cannot destroy federal diversity jurisdiction.

In determining whether joinder is proper, the Court is to balance several factors: (1) the

plaintiff's motivation in seeking to join the additional parties; (2) the timeliness of the request, (3) the potential prejudice to the parties; and (4) the defendant's interest in a federal forum. *Sanders v. U-Haul of Ariz.* 20006 U.S. Dist. LEXIS 52143 (S.D. Ill.2006) (citing *Perez v. Arcobaleno Past Machs., Inc.,* 261 F. Supp. 2d, 997, 1001 (N.D. Ill. 2003)).  In the case at bar, the balance weighs against the plaintiff and her desire to amend this action.

First, the plaintiff has little motivation to join these additional parties, other than to destroy the Court's subject matter jurisdiction.  Under applicable Illinois law, a principal is vicariously liable for the torts of its agent when the agent is acting within the scope of her employment.  *Payne v. Witmer*, 129 Ill.2d 351 (Ill. 1989).  In this vein, Poole and Morr, as agents of LA Weight Loss, would not be personally liable for any tort they may have performed while working within the scope of their employment.  Although this certainly leaves open the possibility that Poole and Morr did not act within the scope of their employment, plaintiff makes no such averment in her Second Amended Complaint.  The Court will not speculate as to this fact, absent such evidence.  As a result, it is reasonably unlikely that an Illinois state court would find Poole and Morr personally liable.

Furthermore, the other factors weigh against plaintiff's motion.  One, the joinder here is not timely: this action was initially filed in the state court almost seventeen months before the Second Amended Complaint was filed.  Plaintiff became aware of Poole and Morr's identities in the beginning of discovery in August 2005 (*See,* Doc. 96-2).  Nonetheless, plaintiff waited with this information for almost a full year and did not attempt to join them as defendants.  In sum, by including these defendants at this late stage of the litigation, plaintiff puts the defendants at an unfair disadvantage in defending the suit.

Moreover, plaintiff suffers little prejudice by litigating this action in this federal forum. The Court is fully able to apply Illinois tort law to this case.  *Cf.* 28 U.S.C. §1738 (federal courts

4

are to defer to state judgments and apply state law as other state courts would do).  At the same time, defendants have a compelling interest in a federal forum.  Federal jurisdiction was established to protect out-of-state parties, like those in the case at bar, from the biases of local courts.  *Poulos*, 959 F.2d at 71 ("[T]he purpose of federal diversity jurisdiction is to provide a neutral forum for lawsuits between parties from different states.").

In the end, the above considerations outweigh any nominal prejudice that might be caused to the plaintiff in litigating the matter in federal court.  As a result, the Court FINDS that the joinder of Poole and Morr was improper.  Accordingly, Schur's motion to remand the action to state court is **DENIED**, and the Court **STRIKES** plaintiff's Second Amended Complaint.  Plaintiff is **GRANTED** leave to file a Third Amended Complaint within twenty (20) days of the date of this Order.

### Motion to Strike Affidavit of Shani Poole

Plaintiff also seeks to strike the affidavit of Shani Poole (Doc. 96-4) pursuant to Fed. R. Evid. 602, arguing that Poole's deposition demonstrates that she did not know what policies and procedures were in place at L.A. Weight Loss in 2004.  In turn, she did not know what policies and procedures were followed with respect to Hoppe by the O'Fallon L.A. Weight Loss Center.

Under Rule 602 of Federal Rules of Evidence, "a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." However, to satisfy Rule 602, a witness does not need to be absolutely certain, and indeed can be vague about certain details, regarding a particular event or series of events to which she testifies: the rule does not require "perfect knowledge." Rule 602 advisory committee's notes (requiring only that the witness had "an opportunity to observe" the event); *United States v. Powers*, 75 F.3d 335, 340 (7th Cir. 1996) ("[t]he fact that a witness cannot recall specific [details] does not require exclusion of that testimony"; the opponents remedy is cross-

examination and impeachment, not exclusion.")

Here, Poole's inability to recall exactly what L.A. Weight Loss policies were in place goes to the question of what weight her affidavit should have, not its admissibility. *See United States v. Joy*, 192 F.3d 761 (7th Cir. 1999) ("[T]he key question for the trial court is whether a reasonable trier of fact *could* believe that a witness had personal knowledge of the facts about which he testified.")(emphasis added). As she clearly stated in both her affidavit (Doc. 96-4) and in her deposition (Doc 123-2), she was the manager of the O'Fallon L.A. Weight Loss Center in 2004 when Hoppe was a client of the Center. As such, a jury could reasonably find that Poole had the requisite knowledge (or at least the opportunity to know the policies) at the time when Hoppe was a client. Moreover, any uncertainty that arises out of the fact that Poole was vague as to the details of the policy should be brought up by plaintiff in cross-examination.

Accordingly, the Court **DENIES** plaintiff's motion to strike the affidavit of Poole.

## CONCLUSION

The Court **DENIES** defendant Rasi's motion to dismiss Count 23 and 24 as moot. The Court further **DENIES** plaintiff's Motion to Remand the action to the Circuit Court for Third Judicial Circuit, Madison County, Illinois, and **DENIES** plaintiff's Motion to Strike Affidavit of Shani Poole.

**IT IS SO ORDERED.**

**DATED: March 5, 2007**

                                                   **s/ WILLIAM D. STIEHL**
                                                       **DISTRICT JUDGE**